Dennis P. Conner
Gregory G. Pinski
CONNER, MARR & PINSKI, PC
P. O. Box 3028
Great Falls, MT 59403-3028
Phone: (406) 727-3550
Fax: (406) 727-1640
dennis@mttrials.com
greg@mttrials.com

C. Tab Turner
TURNER & ASSOCIATES, PA
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Phone: (501) 791-2277
Fax: (214) 750-9787
tab@tturner.com

Daniel B. Bidegaray
BIDEGARAY LAW FIRM, LLC
1700 W. Koch, Suite 5
Bozeman, MT 59715
Phone: (406) 522-7744
Fax: (406) 534-7629
daniel@bidegaraylawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| JAY NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOREST RIVER, INC., an Indiana corporation, and Berkshire Hathaway company,<br><br>Defendants. | Cause No. CV-22-49-GF-BMM<br><br>**PLAINTIFF'S STATUS REPORT** |

1. The purpose of this Report is to provide the Court with a brief status report on the progress of discovery and recent events.

2. The parties have completed the depositions of **Jay Nelson**, **Catherine Nelson**, **Don Wirtz**, and Forest River-related witnesses **Terry Anderson** and **William Conway**.

3. On April 3, 2024, Forest River conducted an inspection of the Nelson Puma Fifth Wheel trailers, both the 2019 and the 2020 models, as well as the tow vehicle (pickup truck) used at the time of the fire.

4. During the inspection of the 2020 model (the model that replaced the fire-involved 2019 model), Forest River realized, apparently for the first time, that the trailer was in fact not wired in accordance with the code as alleged by the putative Plaintiffs.

5. On June 4, 2024, Forest River submitted a Part 573 Safety Recall Report (attached as Exhibit A) to the National Highway Traffic Safety Agency. (**Exhibit** A). The 573 Safety Defect Report states that after inspecting the 2020 Puma and seeing the wiring issues, Forest River "reviewed" their overcurrent protection applications at all Fifth Wheel manufacturing plants (20 plants). This "review" was reportedly conducted from April 8, 2024, to May 24, 2024.

6. At the completion of the "review," Forest River then reported to the government that "certain plants had not been consistently wiring the overcurrent protection to the correct side of the breaker" and ordered a recall. Forest River limited the recall, however, to model 2004-2024 Forest River Cedar Creek Fifth

2

Wheels manufactured between July 22, 2004, and May 6, 2024, and model 2006-2024 Forest River Puma Travel Fifth Wheels manufactured between September 26, 2005, and May 2, 2024.

7. The scope of the Part 573 recall includes both RVs owned by Putative Plaintiff Nelson.

8. As reflected on **Exhibit** A, Forest River's recall is limited to the issue of the lack of appropriate overcurrent protection from the trailer battery to the junction box based on the connection to the incorrect side of the breaker for the 7-way trailer plug. The recall does not address any other alleged or existing code violations referenced in the operative complaint.

9. Following Forest River's recall, the parties communicated and agreed to stay further discovery and instead focus on discovery associated with the recall events described above so that the parties can conduct meaningful Mediation. The parties have agreed to a mediator.

10. The purpose of the recall-related discovery requested by Plaintiff is to understand the "review" that was undertaken by Forest River, determine the factual basis for Forest River's limited recall (the scope of the recall), including the factual basis for the brands, makes, models, and existing defects included, and to obtain full disclosure of potentially affected consumers so that Mediation can be conducted in a meaningful manner.

11.    Regarding fact discovery, there is one issue that the Plaintiff may need a short conference with the Court regarding. The Court previously limited discovery to 2015 to the present. Given that Forest River's recall reaches back to as early as 2004, and now apparently concedes that at least one of Plaintiff's allegations about electrical wiring is accurate and dates back to as early as 2004, the Plaintiff is presently meeting and conferring with Forest River about reaching an agreement to extend the scope to 2004 rather than 2015, which would mean supplemental discovery would be produced from the period 2004 to 2015, including warranty claims, sales, and internal communications and records.

DATED this 18th day of June, 2024.

/s/ Dennis P. Conner
Dennis P. Conner

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that a copy of the foregoing document was served electronically to all interested parties by ECF on the 18th day of June, 2024.

/s/ Dennis P. Conner
Dennis P. Conner
CONNER, MARR & PINSKI, PC
dennis@mttrials.com