# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JAY NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOREST RIVER, INC.,<br><br>Defendant. | **CV-22-49-GF-BMM**<br><br><br>**ORDER ON SANCTIONS** |

Plaintiff Jay Nelson ("Nelson") has filed a Complaint and four amended Complaints against Forest River, Inc. ("Forest River"). (Doc. 1, 38, 39, 45, 147-1.) Nelson alleges that his 2019 Puma started smoking from a wiring defect in the fifth wheel trailer's 7-way-wiring-system. (*Id.*) Nelson also sought to pursue a class action against Forest River. (Docs. 1, 223, 225.) The Court granted in part, and denied in part, Nelson's motion for class certification and reconsideration of class certification. (Docs. 208, 241.) The parties have filed separate motions for sanctions. (Docs. 174, 213, 235.)

## BACKGROUND

The Court relies on its recitation of the facts in previous orders. (*See* Docs. 98, 208.) Forest River conducted an internal survey of seven-way wiring on towable

1

RVs and the travel-trailer wiring schematic in 2022 ("2022 Survey"). (Doc. 176 ¶ 25.) The 2022 Survey revealed issues with wire placement on the provided over-current production in several product lines, including fifth wheels, travel trailers, tent campers, and destination trailers. (*Id.*, ¶¶ 25–27.)

Nelson first served written discovery requests on Forest River on May 11, 2023. (Doc. 229 at 3.) Nelson specifically requested records that would provide information related to any fires caused by a short in the wiring system known to Forest River in its RV brands and models. (*Id.*) Forest River responded to Nelson's requests on July 19, 2023. (*Id.*) Forest River objected to having to produce documents and communications involving all RV brands and models. (*Id.*) Forest River responded that it would only produce documents involving the Puma fifth wheel RVs. (*Id.*)

Nelson formally objected to the limited discovery. (*Id.*) Nelson requested that the scope of discovery include the Puma fifth wheel RVs and 39 other brands of fifth wheel RVs. (*Id.*) The Court ordered Forest River to produce all electronically stored emails concerning the 12V wiring system covering all 39 brands of fifth wheel RVs ranging from January 1, 2015, to present and all electronically stored warranty data covering all 39 brands of fifth wheel RVs from January 1, 2016, to present. (Doc. 72.) Nelson served interrogatories on September 11, 2023. (Doc. 213-1 at 2; Doc.

2

229 at 4.) The interrogatories asked Forest River to identify fifth wheel RVs and travel trailers "that ha[d] been involved in a fire of any kind." (*Id*.) Forest River responded to the interrogatories on October 3, 2023. (Doc. 229 at 4.) Forest River agreed to provide documents related to fires involving fifth wheel RVs. (*Id*.)

Forest River provided a spreadsheet to Nelson with information on warranty claims involving fires and fifth wheel RVs on November 13, 2023. (*Id*. at 5.) The spreadsheet included 88 claims of fires in fifth wheel RVs from January 1, 2016, to September 30, 2023. (*Id*.) Forest River provided another spreadsheet to Nelson on March 6, 2024, entitled "Fire Log" that included reports of fire incidents in all towable RVs. (*Id*.) Nelson later moved to extend the scope of discovery to 2004. (Doc. 107.) The Court granted the motion in part by extending discovery to January 1, 2013. (Doc. 117.) Forest River provided Nelson on February 4, 2025, with two other spreadsheets of warranty claims within the new discovery timeframe. (Doc. 229 at 6.) Forest River also provided Nelson with its 2022 Survey and travel trailer schematic. (Doc. 176, ¶ 29.)

Nelson moved for leave to amend his complaint based on information disclosed in the 2022 Survey and travel trailer schematic. (Doc. 121.) Nelson replied to his motion on February 11, 2025. (Doc. 125.) Nelson also moved for class certification. (Doc. 130.) Nelson's reply addressed his concerns regarding the 2022

3

Survey and travel trailer schematic. (*Id.* at 3.) The Court granted Nelson leave to amend his complaint to incorporate his concerns related to 2022 Survey and travel trailer schematic. (Doc. 139.)

Nelson served another written discovery request to Forest River a week later. (Doc. 229 at 6.) Nelson specifically requested that Forest River provide information on "all complaints, lawsuits, or claims made since 2004 alleging a thermal event on any Forest River towable RV [that] caused damage, injury, or death." (*Id.*) Forest River objected to the request as outside the scope of discovery. (*Id.*) Nelson moved to compel production of the information on March 31, 2025. (Doc. 159.) The Court ordered Forest River on June 26, 2025, to produce information regarding thermal events dating back to January 1, 2013, involving Forest River's towable RVs. (Doc. 192.) Forest River provided updated Fire Logs to Nelson on July 7, 2025, containing fire-related incidents from December 29, 2021, to May 6, 2025. (Doc. 213-1 at 4; Doc. 229 at 7.) Forest River also produced to Nelson on July 31, 2025, updated spreadsheets containing fire incidents involving all towable RVs from January 1, 2016, to December 31, 2024. (Doc. 213-1 at 3; Doc. 229 at 7.)

The Court entered an amended scheduling order in the case on August 7, 2025. (Doc. 211.) The amended scheduling order referred the parties to a settlement conference. (*Id.*) The amended scheduling order advised the parties to engage "in

4

good faith." (*Id.*) Nelson's counsel filed two putative class actions against Forest River with similar claims to this dispute in other federal courts a day before the scheduled settlement conference. *See Pettijohn v. Forest River*, No. 4:25-cv-00393 (N.D. Fla. 2025); *see also Timmerman v. Forest River*, No. 1:25-cv-12930 (E.D. Mich. 2025).

Nelson and Forest River engaged in the settlement conference on September 16, 2025. Nelson's counsel provided copies of the two putative complaints to the settlement master during the settlement conference. (Doc. 236 at 4.) Nelson's counsel also requested a settlement for purported nationwide claims against Forest River. (*Id.*) The parties failed to settle Nelson's claims and the purported nationwide claims. (*Id.*) Nelson's counsel voluntarily dismissed the two complaints filed in the other jurisdictions on September 22, 2025. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 governs failures to make required disclosures or to cooperate in discovery. A party who fails to comply with its Rule 26(e) discovery obligations may not use the withheld information in subsequent motions, hearings, or at trial, unless the failure proves "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) authorizes federal courts to take the following actions in response to discovery disputes or misconduct: (1) ordering

5

payment of reasonable expenses, including attorney's fees; (2) informing the jury of the party's failure; and (3) imposing "other appropriate sanctions." *Id*.

Local Rule 16.5 allows a court to impose sanctions on any party that fails to participate in "good faith" mediation. A court may impose sanctions for bad faith tactics by attorneys to influence or manipulate proceedings under a court's inherent authority. *Fink v. Gomez*, 239 F.3d 989, 990 (9th Cir. 2001). Courts additionally possess wide latitude to impose sanctions to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

## DISCUSSION

Nelson moves for sanctions pursuant to Rules 26 and 37 against Forest River for alleged misconduct during the discovery process. (Docs. 174, 213.) Forest River opposes the motions. (Docs. 186, 229.) Forest River moves for sanctions against Nelson's counsel for bad faith engagement in the court-ordered settlement conference. (Doc. 235.) Nelson opposes the motion. (Doc. 240.)

### I.  Whether Sanctions Prove Warranted Against Forest River

Nelson seeks to punish Forest River for delaying production of the 2022 Survey, travel trailer schematic, and spreadsheets containing information on warranty claims and fire incidents of all towable RVs. (Doc. 175 at 17; Doc. 213-1 at 3.) Forest River failed to timely disclose the 2022 Survey and travel trailer

6

schematic during the discovery process. Forest River produced the 2022 Survey and travel trailer schematic nearly two years after Nelson's initial written discovery requests. (Doc. 229 at 3.) The 2022 Survey and travel trailer schematic would have provided Nelson with some helpful information to his claims of negligence and consumer fraud. Nelson allegedly spent over $600,000 on experts to confirm wiring defects. (Doc. 175 at 20.) The 2022 Survey contained information related to potential wiring defects. (Doc. 213-1 at 2; Doc. 229 at 4.) Nelson also contends that the schematic potentially would substantiate his claims. (Doc. 175 at 22.) The schematic allegedly confirmed that Forest River manufactured fifth-wheel RVs and travel trailers without overcurrent protection. (*Id.* at 21.) Forest River violated its duty to disclose under Federal Rule 26 by delaying disclosure of information pertinent to Nelson's discovery requests. Forest River has provided no substantial justification for its late disclosure.

The Court declines to impose sanctions at this point as Forest River eventually produced the 2022 survey. Fed. R. Civ. P. 37(c)(1). Forest River produced the 2022 Survey and travel trailer schematic to Nelson in early February of 2025. (Doc. 176, ¶ 29.) The Court granted Nelson's request to amend his complaint to reflect the newly gained information from the documents. (Doc. 139.) Trial in this matter is set for January 2026. (Doc. 211.) Nelson has had close to a year to prepare for trial since the Court's February 2025 order. (*See* Doc. 139.) Forest River's late disclosure fails

to prevent Nelson from formulating his claims before the set trial date. The Court also has extended the discovery deadline and expanded the discovery scope several times to accommodate Nelson's requests for more information from Forest River. (*See* Docs. 72, 192.) Aside from the late disclosure of these documents, Forest River has substantially complied with other discovery requests in each new deadline.

Forest River timely produced the spreadsheets that included fire incidents and warranty claims from all towable RVs. The Court again expanded the scope of discovery to accommodate Nelson's requests for information pertaining to all towable RVs. (Doc. 192.) The new deadline for this request was July 31, 2025. (Doc. 192.) Forest River had approximately a month from the Court's order to the deadline to produce the requested information. Both Nelson and Forest River agree that Forest River produced these documents on July 31, 2025. (Doc. 213-1 at 3; Doc. 229 at 7.) Forest River complied with its Rule 26 obligations. Nelson could have used this information in his class certification. Nelson experienced only limited prejudice or undue burden from Forest River's timely disclosure as Nelson elected to file the motion for class certification before the completion of discovery. (Doc. 130.) Sanctions prove unwarranted for now. The Court declines to impose sanctions under its inherent authority as well. *Chambers*, 501 U.S. at 43.

**II.     Whether Sanctions Prove Warranted Against Nelson's Counsel**

"Sanctions are justified when a party acts *for an improper purpose*." *Fink*, 239 F.3d at 992. For example, in *Itel Securities Litigation*, the Ninth Circuit affirmed a district court's award of costs and attorneys' fees as a sanction against the defense counsel. 791 F.2d 672, 676 (9th Cir. 1986). The class action plaintiffs had conceded their request for attorneys' fees in exchange that defense counsel agreed to refrain from interfering with the settlement process. *Id*. at 675. The defense counsel later objected to the settlement in a proceeding before another court. *Id*. The defense counsel admitted to having acted with an improper purpose to exact fee concessions from the plaintiffs. *Id*. The Ninth Circuit determined that the sanctions proved warranted. *Id*. at 676. The Ninth Circuit reasoned that "a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides." *Id*. at 675 (quoting *Lipsig v. Nat'l Student Marketing Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980).

The facts here insufficiently demonstrate that Nelson's counsel acted with an improper purpose. *Fink*, 239 F.3d at 990. Unlike the defense counsel in *Itel Securities Litigation* that expressly admitted to filing objections as a leverage in the settlement proceedings, Nelson's counsel has not expressly admitted any improper purpose for their actions. 791 F.2d at 675. Nelson's counsel claims that they voluntarily dismissed the actions under Rule 41(a)(1)(A) to allow time to prepare

9

for a consolidated nationwide pleading. (Doc. 240 at 3.) Nelson's counsel also alleges that they have recently collected additional class representatives for their purported consolidated nationwide pleadings. (*Id.*) Circumstantial evidence would indicate that Nelson's counsel acted with an improper purpose to use the settlement conference as leverage to pay for outstanding costs related to the litigation of their pending nationwide class claims. If that were the case, their actions potentially hindered the remediation of their Montana client's grievances.

Only circumstantial evidence exists to support a finding of bad faith. The Court cannot determine on these facts alone whether Nelson's counsel was "substantially motivated by vindictiveness, obduracy, or mala fides." *Itel Securities Litigation*, 791 F.2d at 675. The Court again declines to impose sanctions against Nelson under its inherent authority at this point. *Chambers*, 501 U.S. at 43.

Nelson filed this case on May 23, 2022, with a single plaintiff seeking a putative class action. (Doc. 1.) Nelson has used, re-used, and come close to abusing the discovery process to obtain information from Forest River. Forest River, for its part, has dodged, weaved, and delayed providing much of this discovery. The parties have reached the end of the Court's patience. The Court originally certified a limited class on August 1, 2025. (Doc. 208.) The Court granted, in part, and denied, in part, Nelson's motion to reconsider its class certification order on November 18, 2025. (Doc. 241.)

The Court has no intent to reconsider these issues. Trial remains set for January 12, 2026. Discovery has closed. The time for filing motions, meritorious or frivolous, justified or vindicative, has passed.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Nelson's Motions for Sanctions is **DENIED**. (Docs. 174 and 213.) Forest River's Motion for Sanctions is **DENIED**. (Doc. 235.)

DATED this 21st day of November, 2025.

_____
Brian Morris, Chief District Judge
United States District Court