IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAY NELSON, individually and on behalf of all others similarly situated<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br>FOREST RIVER, INC.,<br>　　　　　　　　　Defendants. | CV-22-49-GF-BMM<br><br>ORDER ON<br>MOTION FOR ATTORNEY FEES |

## INTRODUCTION

Plaintiff Jay Nelson ("Nelson") filed a motion for attorney fees on November 21, 2025. (Doc. 244.) The Court takes the unusual step of denying Nelson's motion without waiting for a response from Forest River.

## BACKGROUND

Nelson alleges in his Fourth Amended Complaint ("FAC") that Forest River failed to disclose violations of the applicable standards, actively concealed the violations, and refused to remedy adequately the resulting wiring defects. (Doc. 147-1 at 2.) Nelson, a citizen of Montana, purchased a 2019 Palomino Puma Fifth Wheel RV ("2019 Puma") manufactured by Forest River. (*Id*. at 3.)

Nelson alleges that his 2019 Puma Fifth Wheel RV started smoking from a wiring defect in the trailer's seven-way-wiring system. Forest River initiated an internal survey in 2022 regarding alleged wiring defects in its RVs like the Puma

Fifth Wheel owned by Nelson. Forest River issued a recall on June 4, 2024, to correct alleged wiring defects in Cedar Creek Fifth Wheel RVs and Puma Fifth Wheel RVs. The recall included a total of 48,969 units.

Nelson's counsel initiated its own "field investigation" after the recall of Forest River Fifth Wheel RVs. Nelson claims to have inspected 400 units and more than 86 different models. (Doc. 147-1 at 9.) The investigation allegedly revealed that wiring in 51 of 86 inspected models violated the applicable standards. The parties dispute the applicable wiring standards for different types of Towable RVs. Nelson alleges that Forest River's 2024 recall failed to address the alleged defects. (*Id.*) Forest River has announced numerous recalls since the filing of Nelson's suit. Nelson alleges nearly 73,000 RVs have been recalled. (Doc. 244 at 4.)

Nelson argues now that its efforts in "reveal[ing] that the defect was pervasive across Forest River's product lines" warrants the Court to award attorney fees to Nelson pursuant to Montana's private attorney general doctrine. (Doc. 244 at 3.) Nelson contends that he undertook extensive efforts to determine the wiring defects on the Forest River Towable RV models. Nelson references the "substantial and costly expert work." (Doc. 244 at 3.) Nelson argues that only in response to Nelson's suit did Forest River begin to issue recalls. (*Id.*) Nelson argues that an award of attorneys fees and costs is proper due to the alleged critical public safety benefits secured by the filing of this lawsuit. (*Id.* at 4.)

## DISCUSSION

Montana follows the American rule on attorney fees, meaning that "absent specific statutory or contractual provisions, *prevailing parties* are generally not entitled to recovery of their attorney fees in prosecuting or defending an action." *Forward Mont. v. State by & through Gianforte*, 546 P.3d 778, 783 (Mont. 2024) (citing *W. Tradition P'ship v. Att'y Gen.*, 291 P. 3d at 545 (Mont. 2012) (emphasis added)). Equitable exceptions exist, such as Montana's private attorney general doctrine. *Id*. The exceptions are construed narrowly, "so the exceptions do not swallow the rule." *Id*.

Awarding attorney's fees, whether by statute, by contract, or by an equitable exception, requires a final judgment. *See id*. at 782–83 (entering final judgment after the State of Montana waived appeal and the appellant moved for attorney fees); *see also Montanans for Responsible Use of the Sch. Tr. v. State ex. rel. Bd. of Land comm'rs*, 989 P. 2d 800, 812 (Mont. 1999) (concluding that attorney fees under the private attorney general doctrine were appropriate after final judgment given that Montrose "successfully litigated" its claims). In *Lewis & Clark Cnty. v. Wirth*, the Montana Supreme Court concluded that a district court's award of attorney fees was premature because "[a]n award for attorney fees may only be granted to the prevailing party, meaning 'the one who has an affirmative judgment

rendered in his favor at the conclusion of the entire case.'" 510 P. 3d 1206, 1217 (Mont. 2022) (quotations omitted).

Nelson's motion for attorney fees proves premature. Nelson has never obtained a final judgment from the Court. The Court has never named Nelson as the prevailing party. The Court finds it would be entirely inappropriate to award Nelson attorney fees during litigation. Montana's private attorney general doctrine requires more. The Court also declines to award attorney fees and costs to Forest River in defending this motion as Forest River never filed a response.

## ORDER

Accordingly, **IT IS ORDERED** that Nelson's Motion for Attorney Fees (Doc. 244) is **DENIED.**

**DATED** this 21st day of November, 2025.

_____
Brian Morris, Chief District Judge
United States District Court