# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| JAY NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOREST RIVER INC.,<br><br>Defendant. | CV-22-49-GF-BMM<br><br><br><br>**ORDER ON**<br>**MOTIONS IN LIMINE** |

Plaintiff, Jay Nelson ("Nelson"), has filed a Complaint and four amended Complaints against Defendant, Forest River, Inc. ("Forest River"). (Doc. 1, 38, 39, 45, 147-1.) Nelson alleges that his 2019 Puma started smoking from a wiring defect in the fifth wheel trailer's 7-way-wiring-system. (*Id*.) Nelson also sought to pursue a class action against Forest River. (Docs. 1, 223, 225.) The Court granted, in part, and denied, in part, Nelson's motion for class certification and reconsideration of class certification. (Docs. 208, 241.) The parties have filed motions in limine. (Docs. 177, 179, 181.) The parties seek to exclude evidence of various subjects and topics. (*Id*.) The parties oppose each other's respective motions. (Docs. 183, 188, 189.) The

1

Court denies the motion to exclude expert testimony. (Doc. 177.) The Court grants, in part, and denies, in part, the motions in limine. (Docs. 179 & 181.)

## BACKGROUND

The Court relies on its recitation of the facts in previous orders. (*See* Docs. 98, 208.)

## LEGAL STANDARD

Motions in limine serve as procedural mechanisms "to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). The decision on a motion in limine is committed to the district court's discretion, including the decision of whether to reserve ruling until trial. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Motions in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF R.R. v. Quad City Testing Lab., Inc.*, CV-07-170-BLG-RFC, 2010 U.S. Dist. LEXIS 113888, at *1 (D. Mont. Oct. 26, 2010).

A court will grant a motion in limine only if "the evidence is 'inadmissible on all potential grounds.'" *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016) (quoting *Quad City Testing Lab.*, 2010 U.S. Dist. LEXIS 113888 at *1). "[D]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, [a] court is unable to determine whether the evidence

in question should be excluded." *Ducheneaux v. Lower Yellowstone Rural Elec. Ass'n*, No. CV 19-6-BLG-TJC, 2021 U.S. Dist. LEXIS 98985 at \*25 (D. Mont. May 25, 2021) (internal quotations omitted).

Evidentiary rulings must be deferred until trial if evidence fails to meet the "inadmissible on all potential grounds standard." *Quad City Testing Lab.*, 2010 U.S. Dist. LEXIS 113888 at \*2. To defer rulings on motions in limine allows a court to place "questions of foundation, relevancy and potential prejudice . . . in proper context." *Id.* (internal quotations omitted). A court may alter its ruling on a motion in limine if trial brings to light facts that the court failed to anticipate in its earlier ruling. *Bensimon*, 172 F.3d at 1127.

## DISCUSSION

### I.    Nelson's Damages Testimony by Rojas

Forest River seeks to exclude Nelson's expert's, Dr. Folkers Rojas ("Rojas"), testimony regarding class wide damages pursuant to Federal Rule of Evidence 702. (Doc. 177 at 6.) Nelson first moved for class certification on February 11, 2025. (Doc. 130.) Nelson later attached an expert report from Rojas as an exhibit in his reply in support of class certification. (Doc. 157-1, Rojas Report.) The Court denied Forest River's Motion to strike Rojas as an expert due to his untimely report disclosure. (*See* Doc. 208.) Forest River argues that Rojas's

qualifications, as a mechanical engineer, do not allow Rojas to offer an opinion regarding class wide damages. (Doc. 178 at 7.) The Court disagrees.

In a class action, a plaintiff must show, by a preponderance of the evidence, that the expert's class wide damages "model will be able to *reliably* calculate damages in a manner common to the class at trial." *Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1024 (9th Cir. 2024). Rule 702 allows a witness who exhibits "knowledge, skill, experience, training, or education" to testify on their opinions when a "proponent demonstrates to [a] court that it is more likely than not that:" (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (2) "the testimony is based on sufficient facts or data;" (3) "the testimony is the product of reliable principles and methods;" and (4) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." The expert witness's opinion must have a reliable basis in the knowledge and experience of his discipline. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 (1993).

The court in *Oddo v. Arocaire Air Conditioning and Heating* concluded that "a professional engineer with over 27 years of experience regarding HVAC systems, including 'conduct[ing] hundreds of failure analyses of HVAC machines and components to determine root causes and recommend[ed] remedial action'. . . [the professional engineer] [was] qualified to opine on the method and costs of repair of

the alleged defects at issue." 2020 WL 5267917, at *29–30 (C.D. Cal. May 18, 2020). The court permitted the professional engineer in *Oddo* to opine on damages, without having an economic or accounting background. *Id*.

Rojas similarly has experience in evaluating root cause analysis and electrical failures in consumer products. (Doc. 157-1, ¶¶ 5-7.) This exposure qualifies him as an expert in damages incurred from electrical defects. Rojas also has experience in determining the electrical defect at hand, inspection time, and cost of repair. Rojas can identify the remedial actions necessary to repair the alleged seven-way-wiring defect. Rojas can apply his engineering principles, knowledge, and experience. *Oddo,* 2020 WL 5267917, at *29–30. Rojas reliably can testify as to the class wide damages and opine on the cost of repair. The Court denies Forest River's motion in limine to exclude Rojas's testimony relating to class wide damages. Forest River is free to cross-examine Rojas on the alleged flaws of his damages calculations, including but not limited to the reasonableness of the time for repairs and costs of labor and repair. Rojas's damages opinion should be limited to the Montana class certified in this action.

## II.    Forest River's Specific Motions in Limine

Forest River seeks several evidentiary rulings from the Court, including exclusion of certain evidence and arguments by Nelson. (Doc. 179.)

### a.  Evidence about Forest River's 2024 Recalls

Nelson seeks to admit evidence of Forest River's 2024 recalls of Puma and Cedar Creek fifth wheel trailers. (Doc. 189 at 8.) Nelson contends that the evidence of subsequent remedial measures should be admissible to impeach Forest River's claims of compliance, to demonstrate the feasibility of the repair, to establish notice and knowledge of the defect, and to support Nelson's claim for punitive damages. (*Id*. at 11.)

Evidence of subsequent remedial measures would be inadmissible to prove negligence, culpable conduct, a defect in a product, or need for a warning instruction. Fed. R. Evid. 407. Subsequent remedial measures may be admissible for other purposes such as "impeachment or— if disputed— proving ownership, control, or the feasibility of precautionary measures." *Id*. Federal Rule of Evidence 407 plainly requires that feasibility of precautionary measures must be in dispute before a court can admit evidence under the exception to subsequent remedial measure.

Nelson may not present evidence of Forest River's 2024 recalls of Puma and Cedar Creek models for the purposes of establishing Forest River's notice and knowledge of any defects in the models or to support Nelson's claim for punitive damages. Fed. R. Evid. 407. This evidence would go against the public policy of encouraging parties to take subsequent remedial measures upon notice of a product defect.

A dispute over the feasibility of precautionary measures remains. Forest River recalled all 2006 through 2024 model-year Puma RVs and 2004 through 2024 model-year Cedar Creek RVs. (Doc. 180 at 8.) The recalls included all Puma and Cedar Creek fifth wheels. (*Id*.) Forest River acknowledges that the 2024 Puma Recall addresses a central issue at dispute. (*Id*.) This recall required the rewiring of the battery charge in 2024 Puma models to reduce fire risk due to a potential short in the wire. (*Id*.) Nelson disputes the feasibility of the precautionary measures. (Doc. 189 at 11.) These recalls may prove relevant to any dispute regarding the feasibility of the repair and other appropriate precautionary measures. The Court will make a final ruling at trial when the parties have established a fuller evidentiary record of Forest River's subsequent remedial measures for 2024 Puma and Cedar Creek RV recalls.

### b.  Evidence about Recalls of other RV Models

Nelson seeks to admit evidence of Forest River's recalls of various towable RV models. (Doc. 189 at 12.) Nelson contends that the evidence of subsequent remedial measures should be admissible to impeach Forest River's claims of compliance, to demonstrate feasibility of precautionary measures, and to establish notice and knowledge of the defect. (*Id*. at 13–14.)

Evidence of subsequent remedial measures would be inadmissible to prove negligence, culpable conduct, a defect in a product, or need for a warning

instruction. Fed. R. Evid. 407. Subsequent remedial measures may be admissible for other purposes such as "impeachment or— if disputed— proving ownership, control, or the feasibility of precautionary measures." *Id*. Federal Rule of Evidence 407 plainly requires that feasibility of precautionary measures must be in dispute before a court can admit evidence under the exception to subsequent remedial measure. The Court grants Forest River's motion in limine to exclude evidence of Forest River's subsequent remedial measures of other RV models outside the Montana class of fifth wheel trailers. The parties may admit evidence of subsequent remedial measures if Forest River's testimony disputes ownership, control, or feasibility of precautionary measures at trial, or if necessary for impeachment purposes.

### c. Forest River's 2015 Consent Order with NHTSA

Forest River entered a consent decree with NHTSA in 2025. (Doc. 180 at 13.) The consent decree involved loose wiring and ventilation in other Forest River products. (*Id*.) Evidence of the consent decree proves irrelevant to Nelson's claims of safety defects in the overcurrent protection. Fed. R. Evid. 401. Evidence of the consent decree also may unfairly prejudice Forest River. Fed. R. Evid. 403. Forest River stipulated to paying a civil penalty in the consent decree. (Doc. 180 at 14.)

Evidence of the civil penalty could result in the jury finding Forest River liable in this case for previous unrelated conduct. The consent decree also proves

inadmissible to prove liability for the claim under Federal Rule of Evidence 408. *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, 13-Civ.-7789, 2022 WL 4087842, at *1 (S.D.N.Y. Sept. 6, 2022). The Court grants Forest River's motion in limine to exclude evidence involving the 2015 Consent Decree pursuant to Federal Rules of Evidence 401 and 402, unless Forest River opens the door to the introduction of such evidence through its witnesses or questioning of Nelson's witnesses.

### d. Results of Nelson's Experts' Field Investigations

Federal Rule of Civil Procedure 34 requires a party to serve a request to inspect certain items in the other party's "possession, custody, or control." Nelson alleges that his experts conducted inspections of Forest River products on sales lots of independent, third-party dealerships. (Doc. 189 at 20.) Nelson also alleges that his experts videotaped the inspections and provided documentation of each vehicle identification number inspected. (*Id*. at 21.) Forest River technically had no possession, custody, or control of the products that Nelson's experts inspected. Nelson had no duty to notify Forest River of his experts' field investigations under these facts.

Forest River next contends that Nelson's experts engaged in "destructive testing." (Doc. 180 at 16.) Parties may produce evidence that alters or compromises the function of a product as long as a party takes care "to preserve

anything which has evidentiary value." *Synder v. Fleetwood RV, Inc.*, 2015 WL 13002320, at *1 (S.D. Ohio May 14, 2015). "The decision whether to allow destructive tests rests within the sound discretion of the court." *Id.* (quoting *Ostrander by Ostrander v. Cone Mills, Inc.*, 119 F.R.D. 417, 419 (D. Minn. 1988)). Forest River fails to demonstrate that Nelson failed to take care in altering or compromising any of the functions in the RVs that Nelson's experts inspected. The Court will not exclude Nelson's field investigations on these grounds.

### e.  Warranty Claims Unrelated to the Seven-way Cord

Nelson's experts have catalogued several warranty claims related to Forest River fifth wheel products. (Doc. 180 at 17.) Forest River seeks to exclude warranty claims that fail to reference the seven-way cord as irrelevant to Nelson's claims. (*Id.*) The Court grants Forest River's motion to exclude warranty claims unrelated to the seven-way cord pursuant to Federal Rule of Evidence 401 unless Forest River opens the door to the introduction of such evidence through its witnesses or questioning of Nelson's witnesses.

### f.  Evidence of RV Fires

Forest River seeks to exclude evidence of RV fires, specifically a fatal fire involving a Columbus-model RV ("King fire"), as prejudicial and misleading. (Doc. 180 at 18.) The official fire marshal report classified the cause of the King fire as undetermined. (Doc. 189 at 25.) The Columbus-model RV in the King fire

allegedly uses the same seven-way cord in dispute here. (Doc. 189 at 24–25.)

Nelson contends that his experts may opine on the cause of the King fire. (Doc.

25.) The Court will reserve ruling on this motion in limine until the parties have

established the evidentiary context at trial.

### g.  Imagery Employing Fire Icons

Forest River asks the Court to exclude the use of fire or flame symbols to

convey something other than a fire has occurred as prejudicial. (Doc. 180 at 19.)

The Court agrees that the use of fire icons and symbols in tables and graphs to

denote things other than a fire proves prejudicial and may mislead the jury. Fed. R.

Evid. 403. Nelson must remove the fire symbols in its exhibits and expert reports

to other symbols that denote a lack of overcurrent protection.

### h.  Potential Hearsay Comments

Forest River moves to exclude any hearsay evidence relied upon by Nelson's

experts to form their opinions. (Doc. 180 at 21.) Federal Rule of Evidence 703

permits an expert to rely on hearsay evidence to form an opinion "[i]f [the] expert[]

in the particular field would reasonably rely on those kinds of facts or data in

forming an opinion on the subject." The Court requires more information to

determine whether the alleged hearsay evidence would be of the kind that an expert

in this field would not reasonably rely on. Fed. R. Evid. 703. The Court also

requires more information to determine whether Nelson's experts "'gather[ed]

11

information from multiple sources' and 'cross-check factual information' against other accounts." *In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 3116763, at *7 (S.D.N.Y. Apr. 27, 2023). Rojas stated that he formed his opinion on the calculation of damages "based on conversations with dealer service departments and my work on these units . . ." (Doc. 157-1, F. Rojas Report at 22.) The Court will reserve ruling on this motion in limine until the parties have established a fuller evidentiary context at trial.

### i.  Nelson's Tow Experiments

Forest River seeks to exclude Nelson's towing experiment photographs as misleading. (Doc. 180 at 21.) Nelson asserts that the towing demonstrative refutes Forest River's claim that Nelson's own actions caused excess tension on the seven-way cord of the 2019 Puma. (Doc. 189 at 29.) The Court denies Forest River's motion in limine on this basis. Forest River may cross-examine Nelson's experts on the specifics of the demonstration.

### j.  Adequate Loom Protection Arguments

Forest River seeks to narrow Nelson's claims by excluding arguments that it violated loom protection standards as irrelevant, misleading, and unfairly prejudicial to Forest River. (Doc. 180 at 23.) Nelson alleged in his fourth amended complaint that "wiring defects" include "conductor protection" under ANSI/RVIA LV 5-1. (Doc. 147-1, ¶ 131.) Conductor protection ensures that wiring remains free

from insulation damage that could lead to shorts. ANSI/RVIA LV 5-1. Nelson

alleges claims for negligence, punitive damages, and violations of the Montana

Consumer Protection Act. (Doc. 147.) A plaintiff may allege several different

causes of action and claims against a defendant. The allegations prove relevant to

Nelson's claims. The Court denies Forest River's motion in limine on this ground.

### k.  Evidence of Class Damages Model

The Court denied Forest River's motion to exclude testimony by Rojas. The

Court similarly will deny Forest River's motion in limine to exclude the class

damages model related to Rojas's testimony. Forest River remains free to cross-

examine Rojas regarding alleged flaws in his class damages model.

### l.  Evidence about Alleged Loss-of-use Damages

Forest River seeks to exclude evidence of loss-of-use damages as untimely.

(Doc. 180 at 24.) Nelson failed to disclose loss-of-use damages in his initial

disclosures. (*Id.*) This failure proves harmless. Nelson alleged loss-of-use damages

in his initial complaint and fourth amended complaint. (Doc. 1, ¶ 59; Doc. 147-1, ¶

¶ 6, 83, 164.) Forest River had notice and time to prepare arguments against

Nelson's allegations. The Court denies Forest River's motion in limine.

### m. Evidence of Forest River's Ownership and Financial Condition

Forest River seeks to exclude evidence relating to the "size, number of

employees, financial condition, corporate structure, ownership, solvency, or ability

13

to pay a verdict or satisfy a judgment." (Doc. 180 at 26.) Forest River contends

such evidence would be prejudicial.

"The financial standing of the defendant is inadmissible as evidence in

determining that amount of compensatory damages to be awarded. *Geddes v.*

*United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Evidence of a defendant's

size could prove prejudicial because it "might suggest to the jury that it base its

verdict on an improper consideration." *Rodriguez v. JLG Industries, Inc.*, 2012 WL

12882925, *12 (C.D. Cal. Oct. 29, 2012) (citations omitted).

Nelson may seek to ask potential jurors during *voir dire* if they have a

financial interest in Forest River. The Court grants Forest River's motion in limine

to exclude evidence at the liability phase of the trial relating to the financial

standing of Forest River or its ability to pay damages, except as to questions during

*voir dire*. Fed. R. Evid. 403; *see also Geddes*, 557 F.2d at 560.

Nelson asserts that the financial standing of Forest River would be relevant

for the determination of punitive damages. (Doc. 189 at 34.). The financial

standing of Forest River would be relevant to claims for punitive damages. Nelson

may not admit evidence of Forest River's financial standing during the liability

phase of the trial. Such evidence of Forest River's financial standing would be

admissible only if the jury first were to determine that Forest River was liable for

14

punitive damages. Evidence of Forest River's financial standing would be admissible only in the punitive damages phase of the trial.

### III.    Nelson's Specific Motions in Limine

Nelson seeks several evidentiary rulings from the Court, including exclusion of certain evidence and arguments by Forest River. (Doc. 181.)

#### a.    Speculation that Nelson Caused or Contributed to the Fire

Nelson requests that the Court bar testimony from Forest River's experts that Nelson may have caused or contributed to the fire incident. (Doc. 182 at 7.) Forest River alleges that its experts will testify based on their review of the evidence that Nelson's actions caused the short in the wiring. (Doc. 188 at 9–10.) Federal Rule of Evidence 602 prevents the use of speculative testimony that lacks personal knowledge of an incident. Expert opinions must be founded on reliable principles and methods. Fed. R. Evid. 702. Expert opinions also must reliably apply the principles and methods to sufficient facts or data. *Id*. The Court will defer ruling on the motion in limine until trial to determine whether Forest River's experts can lay a proper foundation for their opinions that Nelson may have caused or contributed to the fire incident. To the extent that the experts' opinions discuss this issue, Nelson can raise objections at trial or address further concerns through cross-examination if the experts' testimony strays beyond their expertise and disclosed report.

### b. Existence of Defects

Nelson asks the Court to exclude any comments or arguments by Forest River about the quality of its products, including any potential denials of defects. (Doc. 182 at 13.) The Court denies this motion in limine. Forest River's potential comments and arguments about the quality of its products proves subjective and more appropriate for a jury to decide in weighing the evidence at trial.

### c. Dispute of the Common Design

Nelson seeks to preclude Forest River from disputing the common design of Forest River towable RVs. (Doc. 182 at 16.) Forest River alleges that the safety standards governing fifth wheel trailers differ from the safety standards governing its travel trailer and popup campers. (Doc. 188 at 11–12.) The Court has certified only a Montana class for fifth wheel RVs. (Doc. 241.) The alleged seven-way wiring defects are not at dispute for fifth wheel RVs. The Court grants the motion in limine to preclude Forest River from disputing the common design of its towable fifth wheel RVs unless Nelson opens the door to the introduction of such evidence through its witnesses or questioning of the Forest River's witnesses. The Court does not anticipate the introduction at trial of evidence related to the common design of Forest River's other towable vehicles as these vehicles fall outside of the class certification of fifth wheel RVs in Montana.

### d. Nelson's Expert Witnesses' Introductions

16

Nelson seeks to exclude any questions by Forest River regarding his experts'
representations and introductions to dealerships during field investigations. (Doc.
182 at 21.) Forest River may ask questions involving Nelson's experts'
representations to dealerships. The Federal Rules of Evidence allow these types of
questions for the purposes of attacking witness credibility. The Court denies this
motion in limine.

### e.  Fraud Claims and Allegations about Angle

Nelson asks this Court to preclude Forest River from mentioning any
allegations of fraud against his expert Matthew Angle ("Angle"). (Doc. 182 at 24.)
Angle served as a principal of a firearm magazine manufacturing business. (*Id*.)
The business secured $250,000 from an investor. *Port City Ventures, L.L.C. v.
Angle*, 277 So. 3d 522, 525 (La. Ct. App. 2019). The investor joined based on the
representation that the business had secured a lucrative sporting goods contract. *Id*.
Angle and his co-defendants failed to inform the investor that the contract was
invalid and unenforceable. *Id*. at 526. The trial court entered judgment against
Angle for fraud. *Id*. The state appellate court reversed the judgment concluding
that no special relationship of confidence existed between the parties to allow for a
finding of fraud based on silence. *Id*. at 527–28.

Federal Rule of Evidence 608(b) bars evidence of "specific instances of a
witness's conduct in order to attack or support the witness's character for

truthfulness." A court may permit a party to question the specific instances of a witness's conduct on cross-examination "if [the instances] are probative of the character for truthfulness or untruthfulness of the witness." Fed. R. Evid. 608(b). A court also may exclude relevant evidence if a danger of unfair prejudice substantially outweighs the probative value of the evidence. Fed. R. Evid. 403.

The Court will reserve ruling on this motion in limine until an evidentiary context arises at trial. The fraud judgment and allegations against Angle may prove probative of Angle's character for truthfulness or untruthfulness and somewhat relevant to his credibility. Fed. R. Evid. 608(b). Potential prejudice from the overturned fraud judgment also may substantially outweigh its probative value. Fed. R. Evid. 403.

### f.   Testimony to Interpret the Meaning of Codes or Regulations

Nelson asks the Court to prohibit Forest River from offering expert testimony on the legal interpretations of applicable safety standards. (Doc. 182 at 26.) Forest River may present rebuttal testimony to counter Nelson's arguments that Forest River products violate applicable industry and safety standards. Experts may explain which ANSI standard applies to the facts of a case. *See Cabrera v. Romano's Macaroni Grill Puerto Rico, Inc.*, 2024 WL 4905665, at *9 (D.P.R. Nov. 27, 2024). The Court denies this motion in limine.

### g. Evidence on Risks Associated with the RV Defects

Nelson seeks to exclude testimony and evidence by Forest River that the seven-way wiring system rarely results in fires or maintains a low fire risk. (Doc. 182 at 29.) Fairness dictates that Forest River may present evidence to rebut claims made by Nelson's witnesses. The Court denies Nelson's motion in limine on this point.

### ORDER

Accordingly, **IT IS HEREBY ORDERED**:

- Forest River's Motion to Exclude Rojas Testimony (Doc. 177) is **DENIED**.

- Forest River's Motions in Limine (Doc. 179):

  1. The Court reserves ruling on Forest River's motion in limine to exclude evidence of Forest River's subsequent remedial measures for 2024 Puma and Cedar Creek RV recalls.

  2. Forest River's motion in limine to exclude evidence of Forest River's subsequent remedial measures of other RV models is **GRANTED**, in part, and **DENIED** in part. Nelson may present evidence of recalls within the Montana class of fifth wheel trailers if Forest River's testimony disputes ownership, control, or feasibility of precautionary measures at trial, or if necessary for impeachment purposes.

19

3. Forest River's motion in limine to exclude evidence involving the 2015 NHSTA Consent Decree is **GRANTED**.

4. Forest River's motion in limine to exclude evidence of Nelson's field investigations is **DENIED**.

5. Forest River's motion in limine to exclude warranty claims unrelated to the seven-way cord is **GRANTED**.

6. The Court reserves ruling on Forest River's motion in limine to exclude evidence of other RV fires, including the King fire.

7. Forest River's motion limine to exclude the use of fire or flame symbols to convey something other than a fire is **GRANTED**.

8. The Court reserves ruling on Forest River's motion in limine to exclude any hearsay evidence relied upon by Nelson's experts to form their opinions.

9. Forest River's motion in limine to exclude Nelson's towing experiment photographs is **DENIED**.

10. Forest River's motion in limine to exclude arguments of loom protection violations is **DENIED**.

11. Forest River's motion in limine to exclude the class damages model related to Rojas's testimony is **DENIED**.

12. Forest River's motion in limine to exclude evidence of loss-of-use damages is **DENIED**.

13. Forest River's motion in limine to exclude evidence of its financial condition and operations is **GRANTED** during the liability phase of trial.

- Nelson's Motions in Limine (Doc. 181):

  1. The Court reserves ruling on the motion in limine to preclude Forest River's experts from opining that Nelson may have caused or contributed to the fire incident.

  2. Nelson's motion in limine to exclude any comments or arguments by Forest River about the quality of its products, including any potential denials of defects is **DENIED**.

  3. Nelson's motion in limine to preclude Forest River from disputing the common design of its towable RVs is **GRANTED**.

  4. Nelson's motion in limine to exclude questions regarding Nelson's witnesses' introductions and representations to dealerships during field investigations is **DENIED**.

  5. The Court reserves ruling on Nelson's motion in limine to preclude Forest River from mentioning any fraud allegations against Angle.

6.  Nelson's motion in limine to prohibit Forest River from offering
    expert testimony on the legal interpretations of applicable safety
    standards is **DENIED**.

7.  Nelson's motion in limine to exclude testimony and evidence by
    Forest River that the seven-way wiring system rarely results in fires or
    maintains a low fire risk is **DENIED**.

DATED this 25th day of November, 2025.

_____

Brian Morris, Chief District Judge
United States District Court