**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

|  |  |
|---|---|
| JAY NELSON, individually and on behalf of all others similarly situated<br><br>                Plaintiff,<br><br>    v.<br>FOREST RIVER, INC.,<br>                Defendants. | **CV-22-49-GF-BMM**<br><br><br>**ORDER ON LIMITATIONS TO CLASS CERTIFICATION** |

## INTRODUCTION

Defendant Forest River, Inc. ("Forest River") filed supplemental briefing on February 17, 2026. (Doc. 256.) Forest River requests that the Court impose purchase-date cutoffs of May 23, 2019, for Nelson's negligence claim and May 23, 2020, for Nelson's Montana Consumer Protection Act ("MCPA") claim based on the statute of limitations. (*Id*. at 5.) Forest River next asks the Court to narrow the class membership to exclude twenty Fifth Wheel RV models that Nelson's experts passed for inspection or failed to inspect. (*Id*. at 9.) Nelson responded on March 3, 2026. (Doc. 257.) Nelson opposes the request. (*Id*.) The Court rejects, in part, and adopts, in part, the requests.

### I.    Whether the Court should add a time limit to the class definition.

Forest River contends that Nelson's negligence and MCPA claims accrued on Nelson's date of purchase of his fifth wheel RV based on the statute of

limitations. (Doc. 256 at 6, citing Mont. Code Ann. § 27-2-102(2) (2025).) Nelson

disagrees and argues that the discovery rule in Section 27-2-102(3) tolls the statute

of limitations period for both negligence and MCPA claims. (Doc. 257 at 3.)

Nelson explains that the discovery rule applies here as the alleged wiring defects in

the Fifth Wheel RVs constitute "classic self-concealing latent manufacturing

defects." (*Id.*)

Generally, the statute of limitations starts "when [a] claim or cause of action

accrues." Mont. Code Ann. § 27-2-102(2) (2025). Section 27-2-102(3) provides

two exceptions to this general rule. Mont. Code Ann. § 27-2-102(3) (2025). The

statute of limitations begins to run (1) upon an injured party discovering "the facts

constituting [a] claim," or (2) at the time an injured party, "exercise[ing] due

diligence," "should have discovered" "the facts constituting a claim." *Id.* The

discovery rule applies where "(a) the facts constituting the claim are by their nature

concealed or self-concealing;" or (b) the defendant took action to "prevent[] the

injured party from discovering the injury or its cause" "before, during, or after the

act causing the injury." *Id.*

Forest River contends that the discovery rule does not apply to Nelson's tort

claims. (Doc. 256 at 6.) Forest River points to *Much v. Sturm, Ruger & Co.*, 502 F.

Supp. 743 (D. Mont. 1980), for support. (*Id.*) The court rejected a plaintiff's

argument in *Much v. Sturm, Ruger & Co.* to follow "the 'modern trend' in products

2

liability actions" and "apply [the] discovery rule respecting accrual of the cause of action." 502 F. Supp. 743, 745 (D. Mont. 1980). The court held instead that the Montana "statute of limitations for tort actions . . . does not authorize application of a discovery rule." *Id*. (citing Mont. Code Ann. § 27-2-204 (1979)).

Nelson's negligence claim as a cause of action in tort falls within the statute of limitations. *Id*. Nelson urges the Court to apply the discovery rule to his negligence claim because he alleges economic damages for repairs or diminutions of value to his property. (*See* doc. 147, ¶ 155.) This allegation goes against Montana's caselaw, however, that explicitly states the discovery rule applies only "in actions for fraud or mistake and for malpractice, but *not* for tort actions." *Buhl v. Biosearch Medical Products* 635 F. Supp. 956, 960 (D. Mont. 1985) (emphasis in original). Nelson's claim of negligence remains subject to a three-year statute of limitations. Mont. Code Ann. § 27-2-204(1) (2025).

A named class member stands in for "all class members whose claims were not already time-barred at the time [the named class member] filed his charge." *Domingo v. New Eng. Fish Co.*, 727 F.2d 1429, 1442 (9th Cir. 1984). The unnamed class members' negligence claims would be considered timely at the time that Nelson filed his putative class action complaint. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[C]ommencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would

have been parties had the suit been permitted to continue as a class action.")
Nelson filed his original complaint on May 23, 2022. (Doc. 1.) The Court adopts a
Montana subclass for Nelson's claim of negligence. The Montana subclass shall
consist of all people in Montana who own a Forest River Fifth Wheel RV,
purchased on or after May 23, 2019, other than for resale or distribution.

The Court next must determine whether Nelson's MCPA claim falls under
the statute of limitations. Nelson argues that the discovery rule should apply to his
MCPA claim as the alleged seven-way cord wiring defect constitutes a "self-
concealing" defect of which a general consumer would lack the specialized
expertise to "ascertain[] whether the gauge, routing, and circuitry meet safety
standards." (Doc. 257 at 5, 7.) The Court agrees.

Nelson cites *Johnston v. Centennial Log Homes & Furnishings, Inc.*, 305
P.3d 781 (Mont. 2013), as an example where courts have applied the discovery
rule to property defects unknown to a consumer. (*Id*.) The Montana Supreme Court
confirmed in *Johnston* that the statute of limitations may toll claims involving
latent structural defects where "the evidence raised a question of fact as to whether,
in the exercise of due diligence," plaintiffs reasonably could become aware of
structural defects to their home. 305 P.3d at 789. The Montana Supreme Court
concluded that under such circumstances "the question whether the facts
constituting the [plaintiffs'] claims were by their nature concealed or self-

concealing" more appropriately should be decided by a jury. *Id*. at 790 (citations omitted).

*Johnston* suggests that a jury would decide whether Nelson's MCPA claim tolls the statute of limitations where "genuine issues of material fact exist regarding the applicability of the discovery rule." *Id*. at 788; *see also* Mont. Code Ann. § 27-2-102(3); *Draggin' Y Cattle Co. v. Addink*, 312 P.3d 451, 456 (Mont. 2013). By contrast, the Montana Supreme Court declined to apply the discovery rule to a claim brought pursuant to the Montana Unfair Trade Practices Act in *Osterman v. Sears, Roebuck and Co.*, 80 P.3d 435, 441–42 (Mont. 2003). The plaintiff argued that she had not discovered an alleged misrepresentation by the defendant that the house siding product that she had purchased and the contractor who had installed the siding were not part of defendant's company. *Id.* The Montana Supreme Court noted that the plaintiff had executed contracts to buy the product and for the installation of the siding that set forth the relationship between the plaintiff, the defendant, the installer, and the manufacturer of the siding. *Id.* at 442. The plaintiff later wrote a check for the cost of the installation and the siding to the installer of the siding, not to the defendant. *Id.* These actions should have put the plaintiff on inquiry notice of the relationship between the defendant, the installer, and the manufacturer. *Id.*

The facts differ here. No genuine dispute of material fact exists regarding applicability of the discovery rule. Nelson alleges that the seven-way cord wiring in Forest River's Fifth Wheel RVs violates National Electrical Code standards. (Doc. 257 at 5.) Courts consider an injury self-concealing where the injury is "not apparent to the layperson because of its complexity, and which can ultimately only be discovered by professional analysis." *Christian v. Atlantic Richfield Co.*, 358 P.3d 131, 153 (Mont. 2015). An ordinary consumer in this case similarly would not know of any defects in the seven-way cord wiring of Forest River's Fifth Wheel RVs unless that consumer possessed specialized knowledge given Forest River's complex wiring system. *Id.*; *see also McCormick v. Brevig*, 980 P.2d 603 (Mont. 1999) (holding that an accountant's withholding of information from a client rendered the client's potential malpractice claim self-concealing). The law further would not compel the class members to conduct an electric audit of their RVs to satisfy the "due diligence" requirement of the discovery rule. The discovery rule tolls Nelson's MCPA claim. Mont. Code Ann. § 27-2-102(3). The Montana class shall consist of all persons in Montana who own and purchased Forest River Fifth Wheel RV, other than for resale or distribution.

## II.    Whether the Court should narrow the class to exclude certain RV models.

Forest River argues that the current class definition suffers from a defect as it includes RV owners who cannot demonstrate Article III standing. (Doc. 256 at 9.) Forest River asks the Court to exclude thirteen Forest River Fifth Wheel RV models that received an "Inspection Pass" rating from Nelson's expert and seven models yet to be inspected. (*Id*. at 9–10.) Forest River points to *Healy v. Milliman*, 164 F.4th 701 (9th Cir. 2026), and *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), as support that the class definition should exclude these RV models as Nelson has yet to present evidence of a cognizable injury. (*Id*.)

Forest River misinterprets *Healy* and *TransUnion*. *TransUnion* dealt with claims of informational injuries under the Federal Credit Reporting Act ("FCRA"). 594 U.S. at 441. Class members alleged that they suffered harm under the FCRA because credit reporting agencies failed to ensure that the class members' credit reports contained accurate credit data. *Id*. at 417. *TransUnion* differentiated between class members whose credit report information had been disseminated to third parties and class members whose credit report information had never been disseminated to third parties. *Id*. at 433. The latter class members failed to establish a concrete and particularized injury without showing any actual dissemination of inaccurate data to third parties. *Id*. at 434. *TransUnion* explained that "[e]very class member must have Article III standing in order to recover individual damages" to prove an alleged statutory violation. *Id*. at 431.

7

The Ninth Circuit followed *TransUnion*'s line of reasoning in *Healy* to conclude that "unnamed members of a certified class" must show "money damages to demonstrate standing at summary judgment." 164 F.4th at 705. The Ninth Circuit reversed a district court's ruling that class members must demonstrate evidence that "necessarily" showed an injury in fact at the summary judgment stage for "impos[ing] an unduly high burden." *Id*. at 710. The Ninth Circuit concluded instead that class members may use "either direct evidence or circumstantial evidence" to show a genuine dispute of material fact exists on class-wide standing. *Id*. at 709. Class members need only provide enough evidence of which "a rational trier of fact could reasonably infer" "class-wide standing from the record." *Id*.

Nelson presents sufficient evidence to survive this stage of the litigation. Unlike the class members in *TransUnion* who alleged a statutory violation without evidence of actual harm resulting from the inaccurate data recorded in their credit reports, Nelson alleges a concrete and particularized injury based on a product defect in Forest River's Fifth Wheel RVs. *TransUnion*, 594 U.S. at 434. Nelson has provided expert deposition, production records, wiring harness/part numbers, assembly and supplier records, and inspection information to show that a genuine dispute in material fact exists on class-wide standing. *Healy*, 164 F.4th at 709.

The Court notes that an inspection pass rating for a single sample unit of a model would not necessarily serve as evidence that an entire model series presents no products defect. For instance, a single sample unit may pass inspection because a technician may have properly wired that specific unit with following compliance regulations and standards. In another instance, a technical may not have assembled a Fifth Wheel RV with a compliant batch of wiring. Nelson has supplied evidence of potential economic damages from component part matrices, assembly line change orders, standard operating procedures, warranty claims data, and supplier invoices. *See Healy*, 164 F.4th at 705.

Sufficient circumstantial evidence demonstrates that a genuine dispute of material fact exists at the summary judgment phase as to infer class wide standing for the claims that Forest River Fifth Wheel RV models suffer from a products defect. *Id*. at 709. The U.S. Supreme Court made clear in *TransUnion*, however, that named and unnamed class members must demonstrate standing at trial: "in a case . . . that proceeds to trial, the specific facts set forth by the plaintiff to support standing 'must be supported adequately by the evidence adduced at trial.'" *TransUnion*, 594 U.S. at 431 (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). *TransUnion* confirmed that this requirement applies both to the named plaintiff in a class action and the unnamed class members. *TransUnion*, 594 U.S. at 439. The U.S. Supreme Court recognized that "[t]he plaintiffs had the burden to

9

prove at trial that their reports were actually sent to third-party businesses" and resulted in actual harm. *Id.* at 439. Nelson similarly would have the burden to prove at trial that the alleged defect in the wiring had been found in all the Forest River models that Nelson seeks to include in the class. *Cf. DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1239 (9th Cir. 2024) (addressing whether a class had "Article III standing to seek injunctive relief," not the damages sought by the class at issue here.)

The same holds true for the models yet to be inspected by Nelson's experts. Nelson demonstrates class wide standing through circumstantial evidence that a genuine dispute of material fact exists as to whether the not yet inspected models suffer from a products defect. *Healey*, 164 F.4th at 705. Nelson again would have the burden to prove at trial that the alleged defect in the wiring had been found in all the Forest River models that Nelson has yet to inspect. *TransUnion*, 594 U.S. at 431.

The Court previously addressed issues related to numerosity, commonality, and typicality of the claims in its class recertification order. (Doc. 241 at 18–22.) The Court certified a class of Montana owners based on the common questions of law and fact pertaining to the seven-way cord wiring system, applicable industry standards and the appropriate remedy. (*Id*. at 17–18.) This geographic limitation

resolves any issues related to numerosity, commonality, and typicality of the claims.

The twenty models shall remain in the class at this stage. Nelson bears the burden at trial to demonstrate to the jury that each class member who owns a Fifth Wheel RV from any one of the twenty models suffered economic damages from a defect in the electric wiring. *See Healy*, 164 F.4th at 705.

## ORDER

Accordingly, **IT IS ORDERED** that Forest River's requests in the supplemental briefing (Doc. 256) are **GRANTED**, in part, and **DENIED**, in part.

- The Montana Class involving the MCPA claim shall consist of all persons in Montana who own and purchased a Forest River Fifth Wheel RVs other than for resale or distribution.

- The Montana Subclass involving the negligence claim shall consist of all persons in Montana who own and purchased Forest River Fifth Wheel on or after May 23, 2019, other than for resale or distribution.

- All twenty models inspected or not yet inspected by Nelson's experts remain in the class definition at this time.

**DATED** this 13th day of April, 2026.

Brian Morris, Chief District Judge
United States District Court