**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| JAY NELSON, individually and on behalf of all others similarly situated<br><br>      Plaintiff,<br><br>  v.<br>FOREST RIVER, INC.,<br>      Defendants. | **CV-22-49-GF-BMM**<br><br>**ORDER ON MOTION TO CERTIFY QUESTION OF LAW TO THE MONTANA SUPREME COURT** |

## INTRODUCTION

Plaintiff Jay Nelson ("Nelson") moves the Court to certify a question of Montana law to the Montana Supreme Court. (Doc. 266.) Defendant Forest River, Inc. ("Forest River") opposes the motion. (Doc. 272.) The Court held a hearing on June 25, 2026. (Doc. 278.) The Court denies Nelson's motion.

Forest River previously requested that the Court impose purchase-date cutoffs of May 23, 2019, for Nelson's negligence claim and May 23, 2020, for Nelson's Montana Consumer Protection Act ("MCPA") claim based on Montana's statute of limitations. (Doc. 256.) Forest River further asked the Court to narrow the class membership to exclude twenty Fifth Wheel RV models that Nelson's experts passed for inspection or failed to inspect. (*Id*. at 9.) The Court denied Forest River's requests

to apply the statute of limitations to Nelson's MCPA claim and to narrow the class to certain Fifth Wheel RV models. (Doc. 258.) The Court granted Forest River's request to apply the statute of limitations to Nelson's negligence claim. (*Id.*)

The Court adopted a subclass for Nelson's negligence claim as the discovery rule did not apply to Nelson's negligence claim as an action in tort. (*Id.* at 2–3.) The Court relied in part on the rulings in *Much v. Sturm, Ruger & Co.*, 502 F. Supp. 743 (D. Mont. 1980), and *Buhl v. Biosearch Medical Products, Inc.*, 635 F. Supp. 956 (D. Mont. 1985). The Court further noted that Nelson excluded claims involving personal injury and property because he alleges economic damages for repairs or diminutions of value to his property. (*Id.* at 3, citing Doc. 147, ¶ 155.)

Nelson next requested that the Court reconsider its decision to certify a subclass based on Nelson's negligence claim. (Doc. 259.) Nelson argued that *Much* and *Buhl* fail to remain controlling law given that the two cases predate the 1987 amendment to Montana's statutory discovery rule codified in § 27-2-102(3). (*Id.* at 5.) The Court agreed with Nelson that *Much* and *Buhl* rejected "the 'modern trend' in products liability actions" to "apply [the] discover rule" before the 1987 amendment to § 27-2-102(3). (Doc. 262.) The Court denied Nelson's request to reconsider, however, based on its discretion to narrow a class where a plaintiff presents overly broad claims. (*Id.*) The Court determined that to expand the negligence subclass without a clear cutoff line to where the "facts constituting the

2

claim" would be discoverable for class members defeated the purpose of statute of limitations to prevent litigation of stale claims. (*Id.* at 4–5, citing Mont. Code Ann. § 27-2-102(3).)

Nelson asks the Court to certify a question of law to the Montana Supreme Court to determine "whether the discovery rule codified in Mont. Code Ann. § 27-2-102(3) applies to a common-law negligence claim seeking economic damages, including inspection costs, repair costs, loss of use, and diminution in value, arising from a latent and self-concealing physical defect in personal property." (Doc. 267 at 2.) Montana Rule of Appellate Practice 15 authorizes the Montana Supreme Court to answer a question of law certified by a federal court where "(a) the answer may be determinative of an issue in pending litigation in the certifying court; and (b) [t]here is no controlling appellate decision, constitutional provision, or statute of [Montana]." Mont. R. App. P. 15. A federal district court retains the discretion to certify a question of law to a state supreme court. *Butler v. N. Am. Capacity Ins. Co.*, No. CV 12-27-BU-CSO, 2013 WL 12133913, at *2 (D. Mont. Aug. 13, 2013) (quoting *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003)). "Certification is not required even where state law is unclear." *UMIA Ins., Inc. v. Arguelles*, 591 F. Supp. 3d 876, 891–92 (D. Mont. 2022) (citation omitted). A court may not also rely on the "mere difficulty in ascertaining local law [as an] excuse for remitting the parties to a state tribunal for the start of another lawsuit" when

3

certifying a question of law. *Id.* (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974)). Certification is unwarranted if "the Court has determined it can resolve [the] issue with Montana law already at hand." *Id.*

A presumption exists to deny a request to certify a question to a state court "after [a] federal district court has issued its decision." *Butler v. Unified Life Ins. Co.*, No. CV 17-50-BLG-SPW, 2018 U.S. Dist. LEXIS 159389, at \*2 (D. Mont. Sept. 18, 2018) (citing *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008)). The Ninth Circuit discourages the practice of considering requests for certification where a party seeks redemption from an adverse decision. *Thompson*, 547 F.3d at 1065 ("[a] party should not be allowed 'a second chance at victory' through certification by the appeals court after an adverse district court ruling."). Other courts similarly agree that such a consideration after the motions deadlines have passed necessarily turns an "initial federal court decision" into a "gamble with certification." *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 209–10 (8th Cir. 1987).

The Court twice has ruled on whether the discovery rule applies to the negligence subclass based on controlling law. *UMIA Ins., Inc.*, 591 F. Supp. 3d at 891–92. The Court finds the presumption against certification after a federal district court has weighed in on an issue sufficient to deny Nelson's attempt to reconfigure the class once again. *See Unified Life Ins. Co.*, 2018 U.S. Dist. LEXIS 159389 at \*2.

In the interests of thoroughness, the Court shall address, however, several other reasons why Nelson's request is denied.

Certification remains unnecessary as Montana law provides ample guidance on this question. *See Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). The discovery rule plainly triggers when a plaintiff alleges personal injury or injury to property. *See* Mont. Code. Ann. § 27-2-102(3) (2025). Section 27-2-102(3) of the Montana Code Annotated plainly tolls the statute of limitations upon a party suffering "*an injury to person or property*." *Id*. (emphasis added). Nelson alleges in the Fourth Amended Complaint that the class excludes "individuals with claims for personal injury resulting from the wiring defects, except when they only seek economic damages for repairs or diminished value." (Doc. 147-1 at ¶ 155.) Nelson's negligence claim falls outside the scope of Montana's discovery rule given that Nelson seeks damages economic in nature. *Id*.

The post-1987 amendment cases cited by Nelson control the outcome in this case. Mont. R. App. P. 15(b). Nelson fails to demonstrate how these cases apply the discovery rule to economic losses associated with repairs and alleged diminutions to property value. (Doc. 267 at 7–8.) The cases themselves underscore the discovery rule's threshold requirement that cases involving alleged "latent injuries" of a plaintiff must assert an actual or physical injury to person or property. *Johnston v. Centennial Log Homes & Furnishings, Inc.*, 305 P.3d 781 (Mont. 2013), and

*Christian v. Atlantic Richfield Co.*, 358 P.3d 131 (Mont. 2015), dealt with latent injuries to property. The plaintiffs in those cases alleged facts that demonstrated actual property damage. *See Johnston*, 305 P.3d at 785; *see also Christian*, 358 P.3d at 136. In *Johnston*, a ruptured pipe had caused "extensive flooding throughout the [plaintiffs'] home." 305 P.3d at 785. And, in *Christian*, a century-old smelting operation had emitted toxic particles on to plaintiffs' property that turned the property into a superfund site. 358 P.3d at 136.

The Court disagrees with Nelson that Montana law equates the same meaning to economic damage as actual tangible injury to property. For instance, the Montana Supreme Court has concluded in other contexts that economic losses, including lost advertising business, lost revenues, and damages to reputation would not equate to "property damage" or "loss of use of tangible property." *See Graber v. State Farm Fire & Cas. Co.*, 797 P.2d 214, 216–17 (Mont. 1990). Nelson has not alleged similar tangible property damage resulting from Forest River's alleged negligence outside repairs and diminutions of value that class members would face from a ruling in their favor. *See Johnston*, 305 P.3d at 785; *see also Christian*, 358 P.3d at 136. Class members instead face the same type of economic loss a consumer would face during a products recall. The consumer may have used the product up until the product's company issued a recall without any actual damage to the product. Nelson asks the

Court to circumvent the plain text of Section 2-2-102(3) by applying the discovery rule too broadly.

Nelson further points to a pre-1987 amendment case, *Spackman v. Ralph M. Parsons Co.*, 414 P.2d 918 (1966), as support for the proposition that "Montana law has long recognized that repair costs, diminution in value, and loss of use are established measures of property-damage recovery, not proof that no property injury occurred." (Doc. 267 at 8.) The Montana Supreme Court in *Spackman* provided some helpful guidance on how to measure property damage in wrongful tort actions. 414 P.2d at 921–22. The Montana Supreme Court acknowledged that "[i]ngenious men have propounded ingenious methods, systems and formulas for determining in monetary terms the value of property partially damaged or destroyed." *Id*. Where a plaintiff suffers partial property damage but not "total" destruction, courts generally "estimate" "damages" by "the difference in market value at the place before and after injury." *Id*. at 922 (cleaned up). Whereas "if repair is possible, and this cost is less than diminution in value under the general test, this cost plus the value of the loss of use may be employed as the measure." *Id*. But "[w]hile such methods serve as useful guides, the final answer rests in good sense rather than mechanical application of such formulas." *Id*.

Nelson fails to demonstrate how the dicta espoused by the Montana Supreme Court in *Spackman* controls the Court's interpretation of the plain text of the

discovery rule. The Montana Supreme Court's advice in *Spackman* would not apply to Nelson's negligence claim because he has not alleged partial property damage. *See id*. Furthermore, *Spackman* never dealt with the question of whether economic damages plainly apply under Montana's statutory discovery rule. *See id*. at 921–22. The Montana Supreme Court instead answered the question of how courts should measure actual and exemplary damages. *Id*. at 921.

The Court further distinguishes Nelson's negligence claim from *McCormick v. Brevig*, 980 P.2d 603 (Mont. 1999). *McCormick* dealt with a professional negligence claim against accountants who failed to inform clients of mistakes in their work. *McCormick*, 980 P.2d at 619. The discovery rule applied in *McCormick* due to Montana's longstanding precedent of applying the discovery rule to "self-concealing injuries" involving malpractice claims. *See id.* at 603. Montana recognizes that malpractice cases involve complex matters requiring expertise in a professional's subject matter that would in their nature constitute self-concealing facts. *See Watkins Trust v. Lacosta*, 92 P.3d 620, (Mont. 2004) (excusing a plaintiff's failure to discover an attorney's alleged negligence given the "complexity of the legal transaction involved").

Even if the Court granted Nelson's request to certify a question of law to the Montana Supreme Court, that answer would undermine the Court's earlier decision to narrow an overly broad class based on its discretion to do so. *See Grivas v.*

8

*Metagenics, Inc.*, 2018 WL 6185978, at \*7 (C.D. Cal. Mar. 19, 2018); *see also*

*Nat'l Fed'n of the Blind v. Target Corp.*, No. C. 06-01802, 2007 WL 1223755, at

\*3–4 (N.D. Cal. Apr. 25, 2007). Nelson's request fails to promote efficiency and

conserve judicial resources.

Nelson's negligence claim fails to fit within the statutory requirements of the

discovery rule. Nelson alleges no personal injury or tangible property damage.

Mont. Code Ann. § 27-2-102(3). Neither does his negligence claim fall under

professional malpractice. *Wilson v. Brandt*, 406 P.3d 452 (Mont. 2017) (applying

the discovery rule for medical malpractice). To certify Nelson's proposed question

would waste time and resources of the Court, the Montana Supreme Court, and the

parties. The Court has no intent to reconsider these issues. The Court has

repeatedly reminded the parties that the time for filing motions, meritorious or

frivolous, has passed.

## ORDER

Accordingly, **IT IS ORDERED** that Nelson's motion to certify a question of

law to the Montana Supreme Court (Doc. 266) is **DENIED**.

**DATED** this 14th day of July, 2026.

_____

Brian Morris, Chief District Judge
United States District Court